UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWRENCE THOMAS | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action 07-2188 (RCL) |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on plaintiff's motion for judgment of reversal of the defendant's final administrative decision denying plaintiff's claim for Disability Insurance Benefits. Upon consideration of plaintiff's motion [6] for judgment of reversal, the defendant's motion [8] for judgment of affirmance, plaintiff's opposition [11] to defendant's motion for judgment of affirmance, the applicable law, and the entire record herein, the Court concludes that plaintiff's motion is DENIED and defendant's motion is GRANTED. The Court's reasoning is discussed below.

**BACKGROUND**

**I. Procedural Background**

Plaintiff, Lawrence Thomas filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits pursuant to Titles II and XVI of the Social Security Act on Mach 12, 2002. (Tr. 15.) Plaintiff alleged a disability onset of June 13, 2001. (*Id.* 48-50.) He alleged disability on the basis of sciatica and spinal stenosis caused by arthritis. (Pl.'s Mot.

1

for J. of Reversal at 1.) Plaintiff's claims were denied initially and upon reconsideration. (Tr. 33-37, 38, 39-42.) On June 22, 2005, at a hearing before an Administrative Law Judge ("ALJ"), plaintiff was again denied benefits. (*Id.* 1-2.) Leonard Perlman, a vocational expert ("VE") was also present at this hearing. (*Id.* 15.) The ALJ determined that plaintiff could engage in work identified by the VE even though he had severe spinal stenosis and arthritis. (*Id.* 15-21.) The Appeals council determined there was no basis for a review of the ALJ. (*Id.* 5-7.) Plaintiff then appealed to this Court and in an order dated August 28, 2006 the Court granted the Commissioner's voluntary motion to remand, reversed the final administrative decision of the Commissioner, and remanded the case for further proceedings." (Pl.'s Mot. for J. of Reversal at 2.) On March 13, 2007, the Appeals Council issued its remand order requiring a better articulation of the medical records. (Tr. 262-266.) A supplemental hearing was held on July 17, 2007 and on October 2, 2007 the ALJ issued a decision again denying the plaintiff's claims. (*Id.* 256, 271-289, 242-255.) The ALJ determined that plaintiff had the residual functional capacity ("RFC") to do "unskilled light work with a sit/stand option and limited dominant hand use." (*Id.* 249.) The plaintiff again brought suit in this Court challenging the final administrative decision of the Commissioner.

**II. Factual Background**

Plaintiff is a 38 year old man and was 30 years old at the alleged onset of his disability. (Def.'s Mot for J. of Affirmance at 4.) He has a high school education and in the past plaintiff has worked as a truck driver. (Pl.'s Mot. for J. of Reversal at 2.) His past jobs have involved heavy lifting. (Def.'s Mot. for J. of Affirmance at 4.) From June 13, 2001 through December 1, 2005 plaintiff claims he did not work because of his back injury. (Pl.'s Mot. for J. of Reversal at 2.) In June, 2001 plaintiff was diagnosed with recurrent disc herniation, with epidural fibrosis

and moderate to marked spinal stenosis at L4-5 as well as having a disc protrusion at L3-4 with impingement upon the L4 nerve root and arthritis. (*Id.* at 2-3.) Plaintiff claims that he had back problems starting in 1998 and that the problem recurred in 2001. (*Id.* at 2.) Plaintiff testified that since the onset of his disability he has worked modeling men's clothing and selling men's clothing for 9 months. (Tr. 231, 275, 278.) Plaintiff also claims that he could not work due to pain. (Def.'s Mot. for J. of Affirmance at 5.) Records from the D.C. Chartered Family Health Center dated September 30, 2003 state that plaintiff was seen for a right hand second digit injury "poss. sport related." (Tr. 201, 203.) Further, records from the same center dated July 7, 2004, stated that plaintiff was seen by orthopedics for foot and knee pain that began after plaintiff "fell while playing basketball 1 ½ weeks ago." (*Id.* 176.) Plaintiff testified that he takes his daughter to work and sometimes will attend to "business" until he picks her up in the afternoon. (*Id.* 77.) Based on all the information, the ALJ ultimately found that plaintiff suffered from a severe back disorder and arthritis but determined that plaintiff was not credible as to the amount of pain he felt. (*Id.* 243, 251.)

## DISCUSSION

There is substantial evidence on the record to support the ALJ's conclusion that plaintiff was not disabled under the meaning of the Social Security Act.

**I. Legal Standard for Review of Final Decision of the Commissioner of Social Security**

The Social Security Act, 42 U.S.C. § 405(g) gives federal district courts jurisdiction over civil cases that challenge the final decision of the Commissioner of Social Security. Social Security Act, 42 U.S.C. § 405(g). The Court does not review the decision *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), but rather limits its review of the Commissioner's decision to whether the decision is supported by substantial evidence and whether the

Commissioner applied the correct legal standards. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). Substantial evidence "requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Fla. Mun. Power Agency v. Fed. Energy Regulatory Comm'n*, 315 F.3d 362, 365-66 (D.C. Cir. 2003); *see also Richardson*, 402 U.S. at 390, 401 (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). "In seeking judicial review of a final determination of the Social Security Commission, the plaintiff bears the burden of demonstrating that the Commissioner's decision is not based on substantial evidence or that incorrect legal standards were applied. *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Jones v. Shalala*, 1994 WL 776887 (D.D.C. August 31, 1994) at **2." *Lane-Rauth v. Barnhart*, 437 F. Supp. 2d 63, 64 (D.D.C. 2006).

The reviewing court must give considerable deference to the Commissioner's decision but remains obligated to ensure that the decision was based on "substantial evidence." 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"); *see also Richardson*, 402 U.S. at 389. Therefore, this standard of review requires the Court to carefully scrutinize the entire record to ensure that the Commissioner, through the ALJ, has both analyzed all of the evidence available and has sufficiently explained his/her reasoning and the weights given to the facts. *See Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004). The ALJ, not the Court is ultimately responsible for weighing all of the evidence and coming to conclusion on any issues. *See Hays v. Sullivan*, 907 F.2d 1453, 145 (4th Cir. 1990). The Court will not disturb the Commissioner's final decision if it is based on substantial evidence in the record and correctly applies legal standards.

**II. The Judgment of the Administrative Law Judge is Supported by Substantial Evidence**

The plaintiff argues that the ALJ's "decision fails to be supported by substantial evidence, and is erroneous as a matter of law" because: (1) the ALJ "erroneously assessed the plaintiff's residual functional capacity," and (2) the ALJ "failed to properly assess the opinion of the plaintiff's treating physicians."  (Pl.'s Mot. for J. of Reversal at 3-16.)

The Social Security Act has specific requirements and a very detailed definition of disability to determine if someone qualifies for disability insurance benefits or supplemental security income payments under the act.  (Def.'s Mot. for Affirmance at 2-3 (providing the definition of disability).)  The Commissioner of Social Security has developed a five-step inquiry for the ALJ to use when evaluating disability claims.  20 C.F.R. §§ 404.1520 and 416.920.  First, the claim is denied if the claimant is currently engaged in "substantial gainful activity."  *Id.* § 404.1520(a)(4)(i).  Second, the claim is denied if the claimant is not engaged in gainful employment, and the judge has determined that the claimant does not have a "severe medically determinable physical [] impairment" which prevents him from performing basic work.  *Id.* § 404.1520(a)(4)(ii).  Third, the inquiry ends and disability is presumed if the claimant's impairment "meets or equals" the impairments listed on the Listing of Impairments, § 404, Subpart P, App. 1.  *Id.* § 404.1520(a)(4)(iii).  Fourth, if the impairment does not "meet or equal" one of the Listing of Impairments, the claim is denied if the judge determines the claimant's RFC allows the claimant to perform his or her "past relevant work."  *Id.* § 404.1520(a)(4)(iv).  Finally, if the judge rules that the claimant cannot perform "past relevant work," the Commissioner must then prove that the claimant can perform other substantial gainful work, based on his or her age, education, work experience, and RFC or the claimant is entitled to benefits.  *Id.* § 404.1520(a)(4)(v).

At step one in this case, the ALJ determined that plaintiff was not engaged in substantial work activity. (Tr. 16.) At step two, it was determined that plaintiff's back impairment and arthritis were severe impairments. (*Id.* 16.) However, the impairments did not reach the level of any of the impairment listings at step three, requiring the ALJ to move to step four. (*Id.* 17.) At step four the ALJ determined that plaintiff was unable to perform his past relevant work. (*Id.* 18.) It was determined, with the help of a VE, at step five that plaintiff is "capable of making a successful adjustment to work that exists in significant numbers in the national economy" and is therefore, not disabled under the Medical-Vocational Rule 202.20. (*Id.* 19-20.)

### A. The ALJ Correctly Assessed the Plaintiff's Residual Functional Capacity

Plaintiff argues that the ALJ "failed to properly assess the [p]laintiff's limitations as required pursuant to Social Security ruling 96-8p." (Pl.'s Mot. for J. of Reversal at 4.) Specifically, the plaintiff argues that the RFC assessment is unsupportable for a variety of reasons including; (1) the ALJ "failed to include a narrative discussion describing how the evidence supported each conclusion," (2) the ALJ "ignored the Appeals Council's March 13, 2007 order" when he assessed plaintiff's RFC, (3) the ALJ "ignored pertinent evidence in assessing the plaintiff's [RFC]," and (4) the ALJ determined that "Dr. Braun's opinion was entitled to substantive weight" [when], "in actuality, he afforded these opinions no weight whatsoever." (*Id.* at 6-11.)

The Ruling provides that the RFC assessment "is a function-by-functional assessment based upon all of the relevant evidence of an individual's ability to do work-related activities," as well as a "narrative discussion describing how the evidence supports each conclusion . . . ." SSR 96-8p. However, "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."

6

*Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also* SSR 96-8p ("When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.").

        i.        <u>The Narrative Discussion is supported by Sufficient Evidence</u>

The Court finds that the ALJ included sufficient information to satisfy the narrative discussion requirement of the RFC assessment. The ALJ discussed generally the many different factors to consider and then summarized plaintiff's testimony—demonstrating that the ALJ planned to rely in part on this testimony. Further the ALJ spent two pages describing which medical and objective evidence he found credible and which he did not. (Tr. 251-52.) The ALJ stated:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are credible only to the extent of the residual functional capacity. The claimant returned to work in December 2005 and, despite his subjective complaints of debilitating headaches and pain, the objective medical evidence and the other evidence of record when reviews as whole, indicate that he was not precluded from doing working consistent with the established residual functional capacity for a period of 12 months or longer since his alleged onset date . . . .
>
> In addition, the undersigned has considered the claimant's good activities of daily living. In April 2002, he reported that he took his child to school on weekdays. He does all of his household chores. He shopped. He drew pictures as a hobby. He watched television. He visited with family or friends and watched movies. He stated that he cannot play basketball nor do other activities involving running but the medical records from D.C. Chartered Family Health Center show that he played basketball in 2004. Exhibits 4E and 11F.

(*Id.*) When the ALJ finds that claims are not supported by evidence other than plaintiff's subjective complaints and finds these complaints not fully credible, the ALJ does not have to

perform a function by function analysis. *See Bayliss*, 427 F.3d at 1217. However, the ALJ does go into detail discussing which opinions he would rely on more heavily and which facts were most important to him.

Plaintiff complains that the ALJ opinion does not indicate why he limited plaintiff. The ALJ limited plaintiff to perform "unskilled light work with a sit/stand option and limited dominant hand use." (Tr. 250.) The ALJ briefly mentions plaintiff's past work. Although, the ALJ does not specifically state that plaintiff is limited to "unskilled" work because of plaintiff's educational background and the previous work plaintiff had performed, it is a logical conclusion to draw based on the entire record. Second, the ALJ limited plaintiff to "light work." The ALJ indicates he is limited to light work because "Joseph Braun, M.D.., advised the claimant not to do any lifting or bending . . . [t]his opinion is given substantive weight, because it is reasonable as a precautionary measure as the claimant sought emergency treatment after injuring himself at work lifting heavy boxes . . . the claimant was able to perform light work." (*Id.* 252.) Another doctor, Dr. Dennis, is not given as much weight because the ALJ noted, "Dr. Dennis' opinion is not supported by his own findings on physical examination." (*Id.*) "[I]n establishing why his RFC contained a restriction as to limited dominant hand use, the ALJ pointed to the fact that the plaintiff had a hand deformity and evidence of tendonitis (*Id.* 171, 175, 249). Yet, the ALJ explained that as reflected by the medical reports and the plaintiff's testimony, he was capable of using his right hand on a regular basis (*Id.* 254)." (Def.'s Mot. for J. of Affirmance at 15.) The ALJ's RFC is supported by substantial evidence.

        ii.      <u>The ALJ did Not Ignore the Appeals Council's March 13, 2007 Order</u>

On March 13, 2007, the Appeal's Council directed the ALJ to:

Give further consideration to the Claimant's maximum residual functional capacity, and provide appropriate rationale with specific references to the evidence of record in support

of the assessed limitation.

(Tr. 266). Although plaintiff is correct in that the ALJ "shall take any action that is ordered by the Appeals Council . . . .", 20 C.F.R. § 404.977(b) (2008), in this case the ALJ did do as directed. As discussed above plaintiff provided more details in his determination of the plaintiff's RFC. By comparison the ALJ spent less than one page discussing plaintiff's RFC in the first opinion, (Tr. 18), compared with over three pages in the following opinion (*Id.* 249-52). Quantity of discussion is not sufficient if it does not satisfy a certain quality of discussion but the Court finds that the necessary consideration has been given and the ALJ has provided enough evidence of record to support the assessed limitations.

The ALJ discussed the credibility of plaintiff as well as the treating doctors. (*Id.* 252, 251 (finding "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms" to be credible "only to the extent of the established residual functional capacity.").) "On January 29, 2003, Dr. Dennis opined that the claimant is totally and permanently disabled for at least one to two years." (*Id.* 252.) However, the ALJ relied more heavily on the opinion of Dr. Aleskow, where the ALJ determined that the consultative examination performed by Dr. Aleskow on January 20, 2003 was consistent with the established RFC but inconsistent with Dr. Dennis' opinion. (*Id.*) Further, he pointed out certain activities that plaintiff participated in which tended to influence his opinion. The above discussion about the sufficiency of the narrative discussion also applies to following the Appeals Council's order.

### iii. The ALJ did Not Ignore Pertinent Evidence

Plaintiff argues that the ALJ "provided no explanation for ignoring evidence of the severity of the [p]laintiff's back condition provided by his treating physicians and his physical therapist." (Pl.'s Mot. for J. of Reversal at 10.) Again, "[p]reparing a function-by-function

9

analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also* SSR 96-8p.  The ALJ discussed conflicting evidence by the treating physicians and ultimately concluded that there was not enough medical evidence to support a more limited RFC.  The ALJ does not ignore these opinions but instead provides explanations for his decision not to address these findings throughout the opinion.  For example, he specifically states that "Dr. Dennis' opinion is not supported by his own findings on physical examination."  (Tr. 252.)  Therefore, there was no need for the ALJ to address certain parts of Dr. Dennis's report.

Other evidence concluded that the back condition was not as severe as plaintiff indicated.  About the same time of this examination—January 20, 2003—Dr. Aleskow opined that "[d]espite this patient's complaints, he has full range of motion of all extremities with no limitation in range of motion whatsoever."  (*Id.* 136.)  In addition, Dr. Kronthal who performed an MRI in July 2001 stated that plaintiff's condition did not translate into spinal arachnoiditis because plaintiff is able "to ambulate and perform fine and gross movements. . . ."  (*Id.* 249.)  Even so, the differing physicians' opinions are still partially incorporated into the RFC.  For example, the physical therapist reported that the physical therapy sessions had no impact on resolving plaintiff's subjective or objective signs and symptoms but the ALJ still noted the subjective pains complained of in his opinion.  (*Id.* 251-52.)  The ALJ gives the plaintiff the benefit of the doubt by limiting the work to light work.  Plaintiff also complains that there was no accommodation for the aggravated pain caused by standing or walking.  This is untrue as the RFC requires a "sit/stand option."

Further, deference should be given to the ALJ in the determination of whether a claimant's alleged pain is credible, allowing the ALJ to weigh some opinions more heavily than

others.  "In evaluating complaints of pain, an [ALJ] may properly consider the claimant's credibility.  The ALJ's assessment of credibility is entitled to great weight and deference, since he had the opportunity to observe the witness's demeanor." *Infantado v. Astrue*, 2008 U.S. App. LEXIS 3313, at *17 (6th Cir. Feb. 7, 2008) ("Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints based on a consideration of the entire case record.").  The ALJ's determination that plaintiff is not entirely credible is supported by the record.  Although the plaintiff's pain is discussed and used in a doctor's report, the pain plaintiff is feeling is still a subjective complaint and therefore, the ALJ has the authority to determine how much pain actually exists, relying on the entire record as a whole.

            iv.     Limitation on Lifting and Bending is Sufficient

Plaintiff alleges that the ALJ placed no limits on plaintiff lifting or bending.  (Pl.'s Mot. for J. of Reversal at 11.)  Specifically, plaintiff points to Dr. Braun's examination, which was accorded weight by the ALJ, where he advised plaintiff not to do any lifting or bending.  (*Id.*) The record notes that plaintiff lifted up to 100 pounds at his previous job as a delivery truck driver.  (Tr. 55.)  The ALJ stated that plaintiff is unable to perform past relevant work because it is "greater than simple unskilled light work." (*Id.* 252.)  Therefore, lifting was at least taken into account.  It should be noted that it was *advised* that plaintiff not bend over—it was not established that plaintiff could not bend over.

The correct legal standard for weighing the evidence was used to find that there is sufficient evidence on the record to support the RFC as decided by the ALJ.  Plaintiff failed to demonstrate that more discussion is needed to meet the requirements of SSR 96-8p.  Further, the

11

ALJ followed the direction of the Appeals Council.

### B.  The ALJ Properly Assessed the Opinion of the Plaintiff's Treating Physicians

Plaintiff also asserts that the ALJ failed to; (1) properly assess the opinion of plaintiff's treating physicians pursuant to applicable regulations, (2) properly assess whether the opinion should be given controlling weight, and (3) follow the Appeal Council's remand order.  (Tr. 13-15.)  Plaintiff specifically argues that the ALJ failed to properly evaluate the plaintiff's treating physician, Dr. Craig's, medical opinion.  (Pl.'s Mot. for J. of Reversal at 12 (noting Dr. Craig "determined that the [p]laintiff had demonstrated decreased range of motion, sensory, motor, and reflex loss, and muscle spasm.  He was noted to have difficulties with his activities of daily living, and standing, walking, and sitting were reported to aggravate the [p]laintiff's pain).) "When the ALJ arrives at a conclusion regarding [] strength functions that contradicts some part of the evidence on the record, the ALJ must explain his rationale, for '[t]he judiciary can scarcely perform its assigned review function . . . without some indication . . . [as to] whether [the] evidence was rejected rather than simply ignored.'" *Ross v. Astrue*, 636 F. Supp. 2d 127, 133 (D.C. Cir. 2009) (*citing Brown v. Bowen*, 794 F.2d 703, 708 (D.C. Cir. 1986)).  The ALJ has a duty to explain why they either ignored or rejected contradictory evidence.  *See See v. Wash. Metro.Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994).  The ALJ explained his rationale for accepting some of the doctor's opinions and ignoring others.  (Tr. 252-53.)

To begin with, the ALJ discussed the factors he would consider in determining the credibility of plaintiff's statements.  (*Id.* 250.)  After considering these factors, the ALJ determined that plaintiff was not entirely trustworthy based on his daily activities.  (*Id.* 251-52.) Therefore, the ALJ had to take on the task of determining which subjective parts of the medical reports were accurate based on the lack of credibility of the plaintiff.  In the beginning of his

12

opinion the ALJ discussed several doctors' opinions including the Prince George's Hospital Center Emergency Room records, Dr. Alan Krothal, Dr. Mitchell L. Craig, Dr. Dennis, D.C. Chartered Family Health Center records, and Dr. Elliot Aleskow. (*Id.* 248-49.) From these reports the ALJ determined which pieces of information were findings of fact. (*Id.*)

Although the ALJ found that plaintiff was still able to work, he did not discount everything the physicians have stated. The ALJ recognized that plaintiff has severe disorders under 20 C.F.R. §§ 404.1520(c) and 416.920(c), consisting of disorders of the back and arthritis. (Tr. 243.) The ALJ also took into account that plaintiff was in pain, crediting the plaintiff that there is at least some level of intensity, persistence and limiting effects from the pain. (*Id.* 251.) If the doctors opinions were not at least considered then plaintiff would not have received the RFC of "unskilled light work with a sit/stand option and limited dominant hand use." (*Id.* 243.) The ALJ even stated that "the objective findings on physical examination by Dr. Craig and Dennis show that within 12 months the claimant was able to perform light work." (*Id.* 252.)

Deference need only be given to the opinion of a treating physician when sufficient medical data is available to substantiate his opinion. *See Giddings v. Richardson*, 480 F.2d 652, 656 (6th Cir. 1976). Specifically, controlling weight is only given to a treating physician's opinion "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(d)(2). There is sufficient evidence on the record to determine that the ALJ could weigh the evidence more heavily in favor of the determined RFC.

Dr. Craig referred plaintiff to Dr. Dennis in March 2002 for a specialized evaluation of

his back complaints. (Def.'s Mot. for J. of Affirmance at 16.) However, when first referred, Dr. Dennis noted that plaintiff's "gait and coordination are normal." (Tr. 120.) The ALJ ultimately determined that "Dr. Dennis opinion is not supported by his own findings on physical examination." (*Id.* 252.) The ALJ discussed that Dr. Dennis stated plaintiff was "100% permanently disabled" because he "cannot stand, walk, lift or push" but the ALJ noted:

> [I]n that same report he reported that the claimant could walk and his range of motion was not significantly limited. His muscle strength was normal in all extremities or he was able to at least move against gravity and resistance. Also, about the same time that Dr. Dennis examined the claimant, Dr. Aleskow performed a consultative evaluation. Dr. Aleskow['s] findings on physical examination were not consistent with Dr. Dennis' opinion. Despite the claimant's subjective complaints of debilitating pain, Dr. Aleskow found the claimant had full range of motion of all extremities, no neurological deficits, and no significant limitation in fine motor skills.

(*Id.* 243, 252.) Parts of the opinions of Dr. Craig and Dr. Dennis were determined to be inconsistent with the record as a whole and therefore, the ALJ need not give deference to the opinion of the treating physician.

Plaintiff continues by describing the criteria for weighing of medical opinions set forth in 20 C.F.R. § 404.1527(2006). (Pl.'s Mot. for J. of Reversal at 12-14.) Six factors are considered in deciding the weight to be given to any medical opinion including; examining relationship, treatment relationship, supportability, consistency, specialization, and other factors. (*Id.*) Plaintiff argues that there is no indication that the ALJ considered these factors. (*Id.* at 14.) However, 20 C.F.R. § 404.1527 does not specifically state that the factors must all be discussed in the opinion by the ALJ, as long as the ALJ considered them while making his decision. It is clear that the ALJ did consider these factors. For example, 20 C.F.R § 404.1527 allows room for ALJ determination, stating; "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." 20 C.F.R. § 404.1527. The ALJ has the authority to give Dr. Craig's opinion less weight if, for example, he finds it to be less consistent

with the record as a whole. Further, the Court finds that the ALJ did comply with the Appeal Council's remand order by considering the medical evidence of record. (Tr. 266.)

## **CONCLUSION**

In order to affirm a final decision of the Commissioner the Court must find that the Commissioner (1) made its decision based on substantial evidence, and (2) applied the correct legal standards. *See Richardson*, 402 U.S. at 390, 401. Both of these requirements have been met. Plaintiff's motion for a judgment of reversal will be DENIED. Plaintiff has failed to show that the Administrative Law Judge's decision was not based on substantial evidence or is erroneous as a matter of law. The Court will not issue an order remanding this case to the Social Security Administration. Defendant's motion for affirmance will be GRANTED.

A separate order will issue on this date.

Signed by Royce C. Lamberth, Chief Judge, on January 7, 2010.